# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

―――――――――――――――――――――――――X

BASF CORPORATION,

                         Plaintiff,

v.

MIAMI HI-TECH BODY SHOP, INC. and
YORNIEL CABRERA,

                         Defendants.

―――――――――――――――――――――――――X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against defendants Miami Hi-Tech Body Shop, Inc. ("Miami Hi-Tech") and Yorniel Cabrera ("Cabrera") (collectively "Defendants"), alleges as follows:

## THE PARTIES

1. At all times relevant to the Complaint BASF is and was a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. At all times relevant to the Complaint, Defendant Miami Hi-Tech was a corporation organized and existing under the laws of the State of Florida with its principal place of business in the State of Florida. Upon information and belief, Defendant Miami Hi-Tech was voluntarily dissolved in February 2019. Defendant Miami Hi-Tech's mailing address on file with the Florida Department of Corporations is 7368 SW 42nd Street, Miami, Florida 33155.

3. Defendant Miami Hi-Tech's registered agent on file with the Florida Division of Corporations is Pedro Olivero, located at 7368 SW 42nd Street, Miami, Florida 33155 and/or at 5455 McDonald Avenue, 45, Key West, Florida 33040.

4. On information and belief, at all times relevant to the Complaint, Cabrera is an individual and a citizen of the State of Florida and may be personally served at 8280 Sunrise Lake Boulevard, 301, Sunrise, Florida 33322.

5. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

6. At times relevant to the Complaint, Defendant Miami Hi-Tech was a body shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

7. Cabrera is the former owner of Defendant Miami Hi-Tech.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of Florida.  Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

10. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

11. Effective May 5, 2017, BASF and Miami Hi-Tech entered into a Requirements Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

12. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Miami Hi-Tech was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $575,000.00 ("Minimum Purchases") in the aggregate of BASF Glasurit and RM Refinish Products, at suggested refinish pricing.

13. Also, pursuant to Paragraph 2 of the Requirements Agreement, if Miami Hi-Tech's purchases of BASF Refinish Products was less than $376,000.00 at month 24 subsequent to the effective date of the Requirements Agreement, Miami Hi-Tech was required to pay BASF 12.2% of the shortfall (the "True Up").

14. Pursuant to Paragraph 3 of the Requirements Agreement, BASF also paid Miami Hi-Tech $70,000.00 ("Contract Fulfillment Consideration") in consideration of Miami Hi-Tech satisfying its obligations under the Requirements Agreement.

15. Additionally, pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to Miami Hi-Tech purchasing a minimum of $575,000.00 of BASF Refinish

Products, Miami Hi-Tech was required to refund the Contract Fulfillment Consideration in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

16. As part of the Requirements Agreement, Cabrera signed an Owner's Personal Guaranty ("Personal Guaranty") by which he guaranteed Miami Hi-Tech's performance under the terms of the Requirements Agreement, including, but not limited to, the repayment of the Contract Fulfillment Consideration to BASF.

17. In or about May 2017, Miami Hi-Tech breached and terminated the Requirements Agreement by, among other things, closing the business and failing to purchase any further BASF Refinish Products prior to fulfilling its Minimum Purchases requirements in violation of Paragraphs 1 and 2 of the Requirements Agreement.

18. Miami Hi-Tech's breach occurred prior to Miami Hi-Tech purchasing a minimum of $575,000.00 of Refinish Products. At the time of Miami Hi-Tech's breach, Miami Hi-Tech had purchased only approximately $38,969.86 in BASF Galsurit and RM Refinish Products, leaving a purchase balance due and owing of $536,030.14.

19. Miami Hi-Tech's purchases of BASF Refinish Products were also less than 1/5th of the Minimum Purchases requirement, triggering a Contract Fulfillment Consideration refund of 110% ($77,000.00).

20. Also, Miami Hi-Tech did not purchase a total of at least $376,000.00 of Refinish Products at month 24 subsequent to the effective date of the Requirements Agreement. Upon information and belief, the shortfall is at least $337,030.14 under the terms of the Requirements Agreement.

21. In violation of Paragraph 2 of the Requirements Agreement, Miami Hi-Tech has failed and refused to pay BASF the True Up, which, upon information and belief, is $41,117.68.

22. In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF the sum of $77,000.00, which represents 110% of the $70,000.00 in unearned Contract Fulfillment Consideration.

23. Moreover, in breach of the Personal Guaranty in Paragraph 13 of the Requirements Agreement, Cabrera failed and refused to refund the sums of $41,117.68 for the True Up, $77,000.00 of the unearned Contract Fulfillment Consideration, or pay BASF the $536,030.14 balance of Miami Hi-Tech's Minimum Purchases requirement.

24. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

25. By letter dated August 9, 2019, a true and accurate copy of which is attached hereto as **Exhibit B**, BASF gave Defendants notice that they were in default of their contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

26. Defendants have failed to satisfy its obligations under the terms of the Requirements Agreement and to this day have failed to satisfy their obligations.

27. All conditions precedent to the maintenance of this action have occurred, been satisfied or have been waived.

28. BASF has retained counsel to represent it in this action and has agreed to pay counsel a reasonable fee for their services.

### COUNT I
### Breach of Contract Against Miami Hi-Tech

29. BASF incorporates by reference the allegations contained in the paragraphs 1 – 6, 8 – 15, 17 – 22, and 24 – 28 above.

30. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Miami Hi-Tech was required to purchase from BASF one hundred percent of its requirements for Refinish Products up to a Minimum Purchases requirement of $575,000.00 of BASF Glasurit and RM Refinish Products, at suggested refinish pricing.

31. Despite its obligations under the Requirements Agreement and in breach thereof, Miami Hi-Tech has failed to meet its Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

32. As of the date of the filing of this Complaint, the balance due and owing on Miami Hi-Tech's Minimum Purchases requirement is approximately $536,030.14.

33. As a result of the unjustified breach of the Requirements Agreement by Miami Hi-Tech without legal excuse and, pursuant to Paragraphs 2 and 3 of the Requirements Agreement, Miami Hi-Tech is obligated to repay to

BASF the sums of $41,117.68 for the True Up and 110% of the Contract Fulfillment Consideration, which is $77,000.00.

34. As of the date of the filing of this Complaint, Miami Hi-Tech has damaged BASF in the following amounts under the Requirements Agreement:

    a. $41,117.68 for the True Up requirement;
    b. $77,000.00 for the Contract Fulfillment Consideration refund; and
    c. $536,030.14 for the remaining balance of the Minimum Purchases requirement.

35. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Miami Hi-Tech's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of at least $654,147.82.

WHEREFORE, BASF demands judgment against Defendant Miami Hi-Tech, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT II
**Breach of Contract Against Cabrera**

36. BASF incorporates by reference the allegations contained in the paragraphs 1 – 28 and 30 - 35.

37. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Cabrera personally guaranteed Miami Hi-Tech's obligations to BASF under the Requirements Agreement, including, but not limited to, the return of the Contract Fulfillment Consideration and payment of the True Up.

38. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Cabrera has failed to pay BASF the amounts due from Miami Hi-Tech under the Requirements Agreement.

39. Upon information and belief, as of the date of the filing of this Complaint, Cabrera has damaged BASF in the following amounts under the Requirements Agreement:

   a. $41,117.68 for the True Up requirement;
   b. $77,000.00 for the Contract Fulfillment Consideration refund; and
   c. $536,030.14 for the remaining balance of the Minimum Purchases requirement.

40. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement.  Nevertheless, Cabrera's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

41. As a direct and proximate result of Cabrera's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $654,147.82.

WHEREFORE, BASF demands judgment against Cabrera, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may see just and proper.

## COUNT III
### Unjust Enrichment

42. BASF incorporates by reference the allegations contained in the paragraphs 1 – 28, 30 – 35 and 37 - 41.

43. Through BASF's business relationship with Defendants, Defendants received the benefit of the $70,000.00 Contract Fulfillment Consideration provided by BASF in anticipation of the parties' continued business relationship.

44. Miami Hi-Tech terminated the parties' business relationship but Defendants have refused to return the $70,000.00 to BASF.

45. BASF expected remuneration from Defendants in the sum of $70,000.00 for the unearned Contract Fulfillment Consideration. Defendants' failure to pay the Contract Fulfillment Consideration to BASF has unjustly enriched Defendants.

46. Permitting Defendants to retain the benefit of the unearned $70,000.00 Contract Fulfillment Consideration, when Miami Hi-Tech prematurely terminated its business relationship with BASF, would be unequitable and unjust to BASF.

47. By reason of the foregoing, Defendants have been unjustly enriched by $70,000.00 for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants, awarding an amount to be determined at trial, but not less than $70,000.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT IV
### Declaratory Relief

48. BASF incorporates by reference the allegations contained in the above paragraphs.

49. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

50. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning their rights and obligations under the Requirements Agreement. Defendants contend that they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

51. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

52. Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

Dated:     March __, 2022

                                        CARLTON FIELDS, P.A.

By: */s/ Daniel C. Johnson*
Daniel C. Johnson
Florida Bar No. 522880
200 S. Orange Ave., Suite 1000
Orlando, FL 32801
(407) 849-0300 (telephone)
(407) 648-9099 (facsimile)
djohnson@carltonfields.com (primary)
atokarz@carltonfields.com (secondary)

*Attorneys for Plaintiff*