UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MIAMI HI-TECH BODY SHOP, INC.,<br>and YORNIEL CABRERA,<br><br>Defendants. | 22-cv-20888-BLOOM/Otazo-Reyes<br><br>**MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT** |

Plaintiff BASF Corporation ("BASF"), by and through its undersigned attorney, hereby moves for judgment by default against Defendants Miami Hi-Tech Body Shop, Inc. ("MHT") and Yorniel Cabrera ("Cabrera") (collectively, "Defendants") pursuant to Fed. R. Civ. P. 55. In support of this request, BASF relies upon the accompanying Memorandum of Law and annexed materials.

## I.     INTRODUCTION

This action arises out of Defendants' failure and refusal to make good on their contractual obligations to BASF. MHT, an auto body shop, and its owner, Cabrera, contracted with BASF to fulfill one hundred percent of MHT's automotive refinish product requirements exclusively with BASF products up to a minimum purchase requirement of $575,000.00 ("Minimum Purchases"). If MHT's purchases of BASF automotive refinish products were less than $376,000.00 at month 24 subsequent to the effective date of the Requirements Agreement, MHT was required to pay BASF 12.2% of the shortfall (the "True Up"). MHT also received a total of $70,000.00 ("Contract Fulfillment Consideration") from BASF in consideration of MHT's

1

anticipated performance under the Requirements Agreement. Defendants agreed that, if the Requirements Agreement were terminated for any reason prior to MHT's fulfilling its Minimum Purchases requirement, MHT was required to refund the Contract Fulfillment Consideration to BASF in accordance with a schedule based on MHT's purchases of BASF refinish products. Cabrera personally guaranteed MHT's performance under the Requirements Agreement.

Rather than perform as agreed, MHT, without any justification, breached and ultimately terminated the Requirements Agreement by, among other things, closing its business operations shortly after entering into the Requirements Agreement and ceasing to purchase BASF refinish products prior to fulfilling its Minimum Purchases requirement. At the time of breach, MHT had purchased only $38,969.86 of BASF refinish products, less than 1/5 of its Minimum Purchases requirement, leaving a purchase balance due and owing of $536,030.14 and triggering MHT's True Up obligation.

MHT has failed and refused to return 110% of the $70,000.00 Contract Fulfilment Consideration owed to BASF per the prorated schedule in the Requirements Agreement, pay BASF the True Up, or purchase $575,000.00 in BASF refinish products. Cabrera has failed to pay BASF the amounts due from MHT.

BASF filed its Complaint asserting causes of action for breach of contract, unjust enrichment, and declaratory relief against Defendants on March 24, 2022. After Defendants failed to timely respond, the Court directed the Clerk of this Court to enter default against Cabrera on June 29, 2022 and MHT on July 6, 2022, respectively. *See* ECF Nos. 17, 19.

All the procedural and substantive requirements for entry of default judgment have been fulfilled, and thus BASF hereby moves the Court to enter default judgment against

Defendants so that BASF may recover damages for the harm it has suffered as a result of Defendants' actions.

## II. STATEMENT OF RELEVANT FACTS

BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers, as well as other related products and materials, for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). *See* Complaint, ECF No. 1, at ¶ 3. On or about May 5, 2017, BASF and Defendants entered into the Requirements Agreement. *See id.*, at ¶ 8; Declaration of Nicholas Maloof, dated July 19, 2022 ("Maloof Declaration"), attached hereto as Exhibit 1, at ¶ 2.

In the Requirements Agreement, which is governed by Michigan law, MHT agreed to fulfill one hundred percent of its requirements for Refinish Products up to the Minimum Purchases requirement of $575,000.00 with BASF products. *See* Complaint, ECF No. 1, at ¶ 10; Maloof Declaration, Exhibit 1, at ¶ 3. BASF conferred the benefit of $70,000.00 in consideration of MHT fulfilling its obligations under the Requirements Agreement ("Contract Fulfillment Consideration"). *See* Complaint, ECF No. 1, at ¶ 11; Maloof Declaration, Exhibit 1, at ¶ 4.

If the Requirements Agreement were terminated for any reason before MHT satisfied the Minimum Purchases requirement, MHT agreed to refund the Contract Fulfillment Consideration according to the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |

3

| | |
|---|---|
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

*See* Complaint, ECF No. 1, at ¶ 12; Maloof Declaration, Exhibit 1, at ¶ 5.

Additionally, if MHT's purchases of BASF Refinish Products were less than $376,000.00 at month 24 subsequent to the effective date of the Requirements Agreement, MHT agreed to pay BASF the True Up, which is 12.2% of the shortfall. *See* Complaint, ECF No. 1, at ¶ 13; Maloof Declaration, Exhibit 1, at ¶ 6.

In May 2017, MHT breached and ultimately terminated the Requirements Agreement by, among other things, closing its business prior to fulfilling the Minimum Purchases requirement after only purchasing $38,969.86 in BASF Refinish Products (less than 1/5 of its Minimum Purchases requirement), leaving a purchase balance of $536,030.14 due and owing to BASF under the terms of the Requirements Agreement. *See* Complaint, ECF No. 1, at ¶¶ 13-14; Maloof Declaration, Exhibit 1, at ¶¶ 7-8. MHT has failed and refused to refund the $77,000.00, which represents 110% of the Contract Fulfilment Consideration to BASF. *See* Complaint, ECF No. 1, at ¶ 15; Maloof Declaration, Exhibit 1, at ¶ 9-10. MHT has also failed and refused to pay the $41,117.68 True Up. *See* Complaint, ECF No. 1, at ¶ 13. Although Cabrera personally guaranteed MHT's performance under the Requirements Agreement, *see* Complaint, ECF No. 1, at ¶ 16, he has failed and refused to pay BASF the amounts due from MHT. BASF has suffered substantial pecuniary damages as a result of Defendants' breaches of

the Requirements Agreement. *See* Complaint, ECF No. 1, at ¶ 41; Maloof Declaration, Exhibit 1, at ¶ 16.

### III.   PROCEDURAL HISTORY

This action was filed on March 24, 2022. *See* Complaint, ECF No. 1. Pursuant to Fed. R. Civ. P. 4(e)(2)(A), copies of the Summons and Complaint were served on Cabrera on May 14, 2022 and on MHT on June 7, 2022. *See* ECF Nos. 10, 12; Declaration of Daniel C. Johnson, dated July 20, 2022 ("Johnson Declaration"), attached hereto as Exhibit 2, at ¶¶ 4, 5. Cabrera's responsive pleading was due on or before June 27, 2022 and MHT's responsive pleading was due on June 28, 2022.  However, Defendants never answered or moved with respect to the Complaint. BASF requested, and the Clerk entered, default against Cabrera on June 28, 2022. *See* ECF No. 17. BASF requested, and the Court entered, default against MHT on July 6, 2022. *See* ECF No. 19.

### IV.   LEGAL STANDARD

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *United States v. Fleming*, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a Defendants who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" *Id.* (quoting *Solaroll Shade and Shutter Corp.. Inc. v. Bio-Energy Svs.. Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986)). "A 'Defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts

thus established.'" *Eagle Hosp. Physicians. LLC v. SRG Consulting. Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

The United States Court of Appeals for the Eleventh Circuit has held that "[a]lthough facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). As set forth more fully below, BASF has done so here.

## V. ARGUMENT

Default judgment is appropriate because BASF has satisfied the procedural requirements for default judgment, Defendants have failed to plead or otherwise defend against the well-pleaded claims in BASF's Complaint, and BASF has demonstrated a basis for the specified damages.

Defendants' delay is not result of any culpable misconduct by BASF. BASF has satisfied the applicable procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55. It has established that the Clerk of the Court issued Certificates of Default against Cabrera on June 28, 2022 and MHT on July 6, 2022; the default is based on Defendants' failure to respond to BASF's Complaint served on March 24, 2022; MHT as a corporation is neither an infant, an incompetent person, a member of the U.S. Military, nor otherwise exempted under the

Servicemembers' Civil Relief Act, and to the best of BASF's knowledge and understanding, neither is Cabrera. *See* ECF Nos. 10,11; Johnson Declaration, Exhibit 2, at ¶¶ 5-8.

BASF has properly alleged the elements of its claims. With respect to BASF's breach of contract claim, BASF has alleged, as required by Michigan law, that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach. *See Media One Commc'ns LLC v. Macatawa Bank Corp.*, No. 333153, 2017 WL 2989039, at *2 (Mich. Ct. App. July 13, 2017). BASF has also pleaded the essential elements of a valid contract: (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *See Hess v. Cannon Twp.*, 696 N.W.2d 742, 748 (2005).

Certainly, the Complaint alleges that MHT was a corporation (and thus competent to contract); that the Requirements Agreement's subject matter is the sale and purchase of Refinish Products; that MHT agreed to purchase BASF Refinish Products for all its requirements for Refinish Products up to $575,000.00; that MHT received $70,000.00 in consideration from BASF for MHT's fulfillment of obligations under the agreement. *See* Complaint, ECF No. 1, at ¶¶ 9-12. The Complaint also alleges that Cabrera personally guaranteed MHT's performance under the Requirements Agreement. *See* Complaint, ECF No. 1, at ¶ 16. BASF has moreover provided a signed copy of the Requirements Agreement that demonstrates a mutuality of agreement and obligation. *See* Complaint, ECF No. 1, at Exhibit A.

These facts, which must be taken as true given Defendants' default, are sufficient to establish the existence of a contract between BASF and Defendants. BASF has also alleged that MHT breached its obligations under the Requirements Agreement by failing to fulfill its

Minimum Purchases requirement of $575,000.00, refusing to pay the $77,000.00 which equals 110% of the $70,000.00 Contract Fulfillment Consideration or the $41,117.68 True Up. *See* Complaint, ECF No.1, at ¶¶ 13-16. Likewise, BASF has alleged that Cabrera breached his obligations under the Requirements Agreement to pay BASF the amounts due from MHT. *See* Complaint, ECF No. 1, at 23. BASF has alleged that it suffered substantial damages of at least $654,147.82 due and owing under the terms of the Requirements Agreement. *See* Complaint, ECF No. 1, at ¶ 25.

BASF has also asserted well-pleaded claims for unjust enrichment by alleging "(1) the receipt of a benefit by the Defendants from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the Defendants." See *AFT Mich. v. Michigan*, 846 N.W.2d 583 (2014), aff'd sub nom *AFT Mich. v. State of Michigan*, 497 Mich. 197 (2015). Indeed, the Complaint indicates that through BASF's business relationship with Defendants, Defendants received the benefit of the $70,000.00 Contract Fulfillment Consideration given to Defendants by BASF. *See* Complaint, ECF No. 1, at ¶¶ 43. Despite BASF's demand for repayment, Defendants have failed and refused to return the unearned $70,000.00 of the Contract Fulfillment Consideration. *See* Complaint, ECF No. 1, at ¶ 44. The Complaint indicates that permitting Defendants to retain the unearned Contract Fulfillment Consideration when Defendants prematurely terminated its business relationship with BASF would result in inequity to BASF. *See* Complaint, ECF No. 1, at ¶ 45. These facts are sufficient to establish unjust enrichment, entitling BASF to recover no less than $70,000.00 on its unjust enrichment claim.

Finally, the uncontested facts show that BASF is entitled to the money damages identified in the Complaint and the Maloof Declaration. *See* Fed. R. Civ. P. 8(b)(6). Pursuant to the parties' Requirements Agreement, MHT agreed to fulfill 100% of its requirements for Refinish Products with BASF Refinish Products, with a Minimum Purchases requirement of $575,000.00. *See* Exhibit 1, Maloof Declaration, at ¶ 3. In consideration of MHT fulfilling its obligations under the Requirements Agreement, MHT received a total of $70,000.00 in Contract Fulfillment Consideration from BASF. *See id.* at ¶ 5. If the Requirements Agreement were terminated for any reason prior to MHT purchasing 1/5 of its Minimum Purchases requirement, Defendants were to refund 110% of the Contract Fulfillment Consideration to BASF. *Id.*

Here, after MHT had purchased only $38,969.86 in BASF Refinish Products (leaving a purchase balance of $536,030.14 due and owing), it terminated the Requirements Agreement. *See id.* at ¶ 10. Defendants have failed and refused to pay BASF the sum of $77,000.00, which equals 110% of the $70,000.00 Contract Fulfillment Consideration, and the True Up which amounts to $41,117.68. *See* Complaint, ECF No. 1, at ¶¶ 13-16. As a result, Defendants are indebted to BASF in the amount of $654,147.82. *See id.* at ¶ 13; *see also Davidson v. Gen. Motors. Corp.,* 119 Mich.App. 730, 733, 326 N.W.2d 625 (1982), mod. on other grounds on reh.136 Mich.App. 203, 357 N.W.2d 59 (1984) (indicating that under Michigan law, the proper measure of damages for a breach of contract is the pecuniary value of the benefits the aggrieved party would have received if the contract has not been breached).

Because Defendants have failed to defend this action as described above, default judgment should now be entered under Fed. R. Civ. P. 55(b) against Defendants in the amount of $654,147.82, plus BASF's costs totaling $ 1,142.00. (*see* Exhibit 2, Johnson Declaration, at ¶

10). The record, including the detailed Maloof Declaration and Johnson declaration, establish an award of damages against Defendants without a hearing.

## CONCLUSION

Based on the foregoing, BASF respectfully requests that the Court grant BASF's Motion for Default Judgment against Defendants in the amount of $654,147.82 plus $ 1,142.00 in costs, as well as such other further relief as the Court may deem just and proper.

Dated: July 20, 2022

                              CARLTON FIELDS, P.A.

                              By:  */s/ Daniel C. Johnson*
                              Daniel C. Johnson
                              djohnson@carltonfields.com
                              200 S. Orange Avenue, Suite 1000
                              Orlando, FL 32801-3456
                              Tel:    (407) 244-8237
                              Fax:   (407) 648-9099

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July 2022, I filed a true and correct copy of the foregoing with the Clerk of the Court through the CM/ECF system and to Defendant Yorniel Cabrera by U.S. Mail at 8245 SW 196th Terrace, Cutler Bay, FL 33189.

/s/ Daniel C. Johnson
Attorney