UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20888-BLOOM/Otazo-Reyes

BASF CORPORATION,

    Plaintiff,

v.

MIAMI HI-TECH BODY SHOP, INC.,
and YORNIEL CABRERA,

    Defendants.
_____/

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff BASF Corporation's ("Plaintiff") Motion for Default Judgment, ECF No. [21] ("Motion"), filed pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Miami Hi-Tech Body Shop, Inc. ("Miami Hi-Tech") and Yorniel Cabrera ("Cabrera") (together, "Defendants"). Clerk's defaults were entered against Cabrera on June 28, 2022, ECF No [17], and Miami Hi-Tech on July 6, 2022, ECF No. [19], because Defendants failed to answer or otherwise plead to the complaint, despite having been properly served. *See* ECF Nos. [10], [12].[1] The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

**I.    BACKGROUND**

Plaintiff initiated this action on March 24, 2022, asserting claims for breach of contract, unjust enrichment, and declaratory relief. ECF No. [1] ("Complaint"). According to the Complaint,

---

[1] Cabrera requested an extension of time to respond to the Complaint, which the Court granted. *See* ECF No. [8]. Cabrera failed to file a response to the Complaint by the extended deadline and failed to request any further extension.

Plaintiff is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers, as well as other related products and materials, for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, the "Refinish Products"). ECF No. [1] ¶ 5. Miami Hi-Tech was a body shop, now dissolved, and Cabrera is the former owner of Miami Hi-Tech. *Id*. ¶¶ 2, 6-7. On or about May 5, 2017, Plaintiff and Defendants entered into a Requirements Agreement, ECF No. [1-1], which required Miami Hi-Tech to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $575,000.00. *Id*. ¶ 12. Cabrera signed a personal guaranty by which he guaranteed Miami Hi-Tech's performance under the terms of the Requirements Agreement. *Id*. ¶ 16.

Shortly thereafter, Miami Hi-Tech breached and terminated the Requirements Agreement by closing the business and failing to purchase any further Refinish Products and failing to fulfill the minimum purchases requirement by the Requirements Agreement. *Id* ¶ 17. In addition, Cabrera breached the personal guaranty by failing and refusing to refund the amounts required by the Requirements Agreement. *Id*. ¶ 23.

In its Motion, Plaintiff seeks the entry of final default judgment against Defendants on its claims for breach of contract and unjust enrichment.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, a default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara*

*Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for

the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### III. DISCUSSION

Upon review of Plaintiff's submissions, the Court finds a sufficient basis to enter default judgment in Plaintiff's favor. Because Defendants have not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendants' liability. By default, Defendants have admitted the truth of the allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendants.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id*. (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Plaintiff seeks damages in the amount of $654,147.82, and in support of its claims, submits the Declaration of Nicholas Maloof, Plaintiff's East Zone Manager for the Automotive Refinish business, ECF No. [21-1], which attaches a copy of the Requirements Agreement. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds that a hearing on damages is unnecessary and the requested amount in damages is justified.

In addition, Plaintiff also requests reimbursement of $1,142.00 in costs, including service of process fees ($740.00) and filing fee ($402.00). In support of the request, Plaintiff provides the Declaration of Daniel C. Johnson, Plaintiff's attorney of record, ECF No. [21-2], attaching copies of the relevant receipts. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

The Court finds that these costs are reasonable and were necessarily incurred in connection with the prosecution of this action against Defendants. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal"). Accordingly, Plaintiff is entitled to recover $1,142.00 in costs.

### IV.     CONCLUSION

Plaintiff's Motion, **ECF No. [21]**, is **GRANTED** as set forth in this Order. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter a Final Default Judgment in favor of Plaintiff and against Defendants by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 25, 2022.

_____

**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Yorniel Cabrera
8245 SW 196th Terrace
Cutler Bay, FL 33189

Miami Hi-Tech Body Shop, Inc.
8245 SW 196th Terrace
Cutler Bay, Florida 33189