UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20888-BLOOM/Otazo-Reyes

BASF CORPORATION,

    Plaintiff,

v.

MIAMI HI-TECH BODY SHOP, INC.,
and YORNIEL CABRERA,

    Defendants.

_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff BASF Corporation's ("Plaintiff" of "BASF") Motion to Strike Answer, ECF No. [25] ("Motion"). For the reasons that follow, the Motion is granted.

BASF commenced this case by filing a Complaint, ECF No. [1], against Defendants Miami Hi-Tech Body Shop, Inc. ("Miami Hi-Tech") and Yorniel Cabrera ("Cabrera") (together, "Defendants") on March 24, 2022. Summonses were issued as to Defendants the same day. ECF No. [3]. BASF served Cabrera with process on May 14, 2022, ECF No. [10], and Miami Hi-Tech was served on May 27, 2022, ECF No. [12]. Cabrera requested an extension of time to respond to the Complaint, which the Court granted. *See* ECF No. [8]. However, Cabrera failed to file a response to the Complaint by the extended deadline and did not timely request any further extension.

As a result, a clerk's default was entered against Cabrera on June 28, 2022, ECF No [17], and as to Miami Hi-Tech on July 6, 2022, ECF No. [19], because Defendants failed to answer or otherwise plead to the Complaint, despite having been properly served. *See* ECF Nos. [17], [19].

Thereafter, BASF filed a Motion for Default Judgment, which the Court granted. *See* ECF No. [22]. The Court entered Final Default Judgment against Defendants on July 25, 2022. ECF No. [23]. On August 1, 2022, Cabrera filed an Answer and Affirmative Defenses, ECF No. [24] ("Answer").[1] In the Motion, BASF requests that the Court strike the Answer.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may also strike untimely answers. *See Sapphire Int'l Grp., Inc. v. Allianz Global Risks US Ins. Co.*, No. 18-CV-80101-DMM, 2018 WL 8344838, at *1 (S.D. Fla. Sept. 26, 2018); *Raury Tullis & Rauricus, LLC v. Holt*, No. 1:14-CV-03993-RWS, 2015 WL 12086086 (N.D. Ga. 2015); *Two Men & a Truck/Int'l, Inc. v. Empire Moving &Storage Inc.*, No. 11-62452-CIV-ZLOCH, 2012 WL 12863124 (S.D. Fla. 2012). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

BASF argues that the Answer should be stricken because it is untimely, and Cabrera has not sought to set aside the default judgment. Upon review, the Court agrees. The Federal Rules of Civil Procedure state that "[t]he court may set aside an entry of default for good cause, and it may

---

[1] Though not entirely clear, it appears that the Answer is filed on behalf of Cabrera only. In any event, Cabrera may not file on behalf of Miami Hi-Tech, since a corporation must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (artificial entities, "can act only through agents[,] cannot appear pro se, and must be represented by counsel.") (citations omitted).

Case No. 22-cv-20888-BLOOM/Otazo-Reyes

set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) permits relief from a judgment upon several grounds, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the judgment is void; or the judgment has been satisfied. *See* Fed. R. Civ. P. 60(b)(1)-(5).

Here, Cabrera has made no argument that any of the grounds under Rule 60(b) would apply to vacate the Final Default Judgment, nor does the record reflect any basis to that effect. The record reflects that Cabrera requested an extension of time in which to respond to the Complaint, which the Court granted permitting him to file a response no later than June 27, 2022. *See* ECF No. [8]. Despite the extension, Cabrera failed to timely respond, and the case proceeded to entry of a Final Default Judgment on July 25, 2022. *See* ECF No. [23]. Thereafter, thirty-four (34) days after the previous deadline set by the Court, Cabrera filed his Answer without any explanation or cause for the untimeliness. Cabrera's Answer is untimely and therefore improper.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [25]**, is **GRANTED**, and the Answer, **ECF No. [24]**, is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Yorniel Cabrera, *pro se*
14475 SE 23rd Terrace
Miami, Florida 33175

Miami Hi-Tech Body Shop, Inc.
8245 SW 196th Terrace
Cutler Bay, Florida 33189